IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | | |
|---|---|---|---|
| Boards of Trustees, et al., | : | | |
| Plaintiffs | : | Case No. | 2:03-cv-474 |
| | | | 2:07-cv-874 |
| v. | : | | |
| | | Judge Holschuh | |
| Ground Level Inc., et. al, | : | | |
| | | Magistrate Judge Abel | |
| Defendants | : | | |

## Report and Recommendation

This matter is before the Court on Plaintiffs' February 4, 2008 motions (2:03-474, doc. 53; 2:07-cv-874, doc. 15) for an order requiring the Defendants Ground Level Inc., Ground Level Development Corporation and Thomas Bischoff, Officer, to appear before the Court to show cause why they should not be held in contempt of court for their failure to timely report and pay contributions to Plaintiffs, as previously ordered.  On April 7, 2008, the Magistrate Judge held a show cause hearing at which Defendants appeared and testified.  For the reasons below, it is recommended that judgment be entered in Case No. 2:07-cv-874 against Defendants Ground Level Inc. and Ground Level Development Corporation in the amount of $9,397.68 plus attorney's fees and costs and that a ruling on further sanctions against Defendants be deferred until April 25, 2008.  It is also recommended that Plaintiffs provide Defendants with an itemization of fees paid

1

and/or garnished on or before April 22, 2008.

**Background**

This has been an ongoing case for several years. An initial Complaint was filed in May 2003. (2:03-cv-474, Doc. 1.) Default judgment was granted against Defendants on September 2, 2003. (2:03-cv-474, Doc. 9.) The judgment included an injunction requiring Defendants "to timely submit monthly contribution reports by the 15th of each month for all work performed by employees in the trade jurisdiction of laborer for the preceding month during the term of any and all collective bargaining agreements now in effect or any extensions thereto." (2:03-cv-474, Docs. 9 and 12.) In the past, Defendants have failed to satisfy their obligations under the injunction which prompted contempt citations in April 2005 (doc. 24), April 2006 (doc. 29), December 2006 (doc. 33), and July 2007 (doc. 41). The Magistrate Judge's October 16, 2007 Report and Recommendation also notes that Defendants have been in contempt of the Court's prior specific orders. (Doc. 45, p. 4.)

At a previous hearing held on October 10, 2007, Defendants promised to pay Plaintiffs $9,128.87 in outstanding contributions, liquidated damages, and attorney's fees. Defendants also promised to provide monthly reports and project records, and to open their books if they continue to maintain that they do not have the financial ability to punctually pay the sums due and owing to Plaintiffs. They acknowledged

that failure to comply with the promises may result in a citation for civil contempt and the issuance of an arrest warrant for Thomas Bischoff, President of Ground Level, Inc.

On August 31, 2007, Plaintiffs filed a second action against Defendants with similar allegations and with requests for similar reliefs. (07-cv-874, Doc. 1.) Plaintiffs applied for an entry of default (doc. 9), which the Clerk of Court entered (doc. 10). Plaintiffs then moved for default judgment (doc. 11), which the Court granted (doc. 12). The order of default judgment grants Plaintiff a permanent mandatory injunction and ordered Defendants to "timely pay contributions from the company's assets by the 15th of each month for all work performed by employees in the trade jurisdiction of laborer for the preceding month during the term of any and all collective bargaining agreements now in effect or any extensions thereto." (Doc. 12.) The order of default judgment also grants Plaintiffs judgment for $13,363.88 for unpaid contributions, interest, liquidated damages, and attorney's fees. (*Id*.)

On February 4, 2008, Plaintiffs filed simultaneous motions in both actions for Defendants to appear before the Court and show cause why they should not be held in contempt of court for failure to timely report and pay contributions as previously ordered. (2:03-cv-474, doc. 53; 2:07-cv-874, doc. 15.) Plaintiffs asserted that contributions, damages, and interests in the amount of $7,580.93 for the months of

3

October and November 2007 remain outstanding and that Defendants should be required to pay legal fees and costs incurred. (*Id*.) Plaintiffs also asserted that Defendants have violated the Court's previous orders by failing to notify Plaintiffs of the identity and location of projects upon which they have been employed, and by failing to pay a $1,000 fine to the Court. (*Id*.) Plaintiffs moved the Court for an order to impose the balance of the $5,000 fine which was conditionally suspended. Plaintiffs' motions also request that the Court enter judgment for unpaid contributions, liquidated damages, interest owing as of the date of the hearing, and legal fees and costs. (*Id*.)

With respect to the motions above, the Magistrate Judge issued a Consolidated Show Cause Order, which ordered Defendants to appear before the Court on April 7, 2008, to show cause why they have not complied with the Court's previous orders, why they should not be held in contempt of Court, and why the Court should not impose the sanctions requested by Plaintiffs and/or further sanctions. (2:03-474, doc. 56; 2:07-cv-874, doc. 19.)

A related matter having a bearing on the current matter before the Court is the status of Plaintiffs' post-judgment discovery. On February 4, 2008, Plaintiffs filed motions in both actions to expedite post-judgment discovery in anticipation of the show cause hearing. (2:03-474, doc. 52; 2:07-cv-874, doc. 14.) The motions were granted and the Court directed Defendants to appear on February 14, 2008, at 11:00

4

a.m., for oral testimony upon deposition and to comply with the request for production of financial records. (2-03-474, doc. 54; 2:07-cv-874, doc. 16.) At the request of Defendants' counsel the deposition was rescheduled for March 6, 2008. On March 20, Plaintiffs filed a motion for order to compel discovery and impose sanctions. It contends that Defendants failed to appear at the rescheduled deposition and to fully respond to Plaintiffs' request for production. (2:07-cv-874, doc. 20.) Plaintiffs also filed a motion for sanctions in the companion case 2:03-cv-474. (Doc. 57.)

**The Hearing**

Defendant Thomas Bischoff, President of Ground Level, Inc., appeared *pro se* and testified at the hearing. He stated that although he does not know precisely which documents were provided to Plaintiff's counsel, he was of the opinion that the documents sent by his then attorney, Thomas Piggott, were sufficient. He also stated that Ground Level, Inc. has been in dire financial straits and that although they are late in payments they do not intend to avoid meeting their obligations. In addition, he said that Ground Level is financed by a bank and that he has been granted two ninety-day extensions to catch up on a loan outstanding. He petitioned the Court for a 30 day extension during which he hopes to refinance his existing loan with the bank and sell off some assets to remedy the company's cash flow problems. He explained that if within 30 days he can refinance the loan and bring in

5

some cash, then he should be able to catch up on the amount due and owing to Plaintiffs. If this is not possible, Bishcoff said that he would have no choice but to file for bankruptcy. He invited Plaintiffs and their attorney to visit his office in Toledo, Ohio, to look at his records. Bischoff also complained that he is not clear on how monies sent to, and/or garnished by, Plaintiffs are applied and that there hasn't been proper communication between Plaintiffs and Defendants.

Matthew Archer, a representative of Plaintiffs, appeared and testified. He stated that Defendants owe, as of April 4, 2008, $9,397.68 ($7,990.04 in outstanding contribution, $1,309.51 in liquidated damages, and $98.13 in interest) plus costs. Plaintiffs also noted that attorney's fees are due and owing. In response to Bischoff's contention that he is unclear on how fees paid and/or garnished are applied, Plaintiffs offered to submit an itemization.

At the hearing, Plaintiffs took the position that regardless of whether or not Defendants are in financial trouble, they are still entitled to be paid in a timely manner. Plaintiffs contended that Defendants have placed them at the bottom of the pecking order of entities to be paid even though the amount due and owing is minute when compared to Defendants' incoming revenue and scale of operation. Plaintiffs also argued that from Defendants' bank statements it is apparent that Ground Level had well over $1m in total receipts for calendar year 2007. Bischoff responded that although they have been receiving monies in their bank accounts

6

they have been operating at a net loss. Plaintiffs' Exhibit 1, Balance Sheets and Statements of Income and Retained Earnings as of April 30, 2007, indicates that Defendants have been operating at a significant loss.

**Orders and Recommendations**

At the hearing, the parties were **DIRECTED** to call the Magistrate Judge's chambers on **April 25, 2008, at 10 a.m.**, for a follow-up conference. The number that the parties should call is 614-719-3370.

It is recommended that judgment in the amount of $9,397.68 ($7,990.04 in outstanding contribution, $1,309.51 in liquidated damages, and $98.13 in interest) plus costs and attorney's fees be entered against Defendants. It is also recommended that sanctions, if any, be deferred until the April 25, 2008 telephone conference with the parties. On that date the Magistrate Judge will make a further assessment and amend his current recommendation. It is further recommended that Plaintiffs submit an itemization of fees paid and/or garnished to Defendants on or before April 22, 2008.

The Clerk of Court is **DIRECTED** to mail a copy of this Order to Defendants by certified mail as well as regular mail.

If any party objects to this Report and Recommendation, that party may, within ten (10) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part

thereof in question, as well as the basis for objection thereto.  *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See Thomas v. Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *See also Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

s/Mark R. Abel
United States Magistrate Judge
